**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 112854

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Edward Zapata and Coleen Bonti, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Convergent Outsourcing, Inc., | |
| Defendant. | |

Edward Zapata and Coleen Bonti (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Convergent Outsourcing, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Edward Zapata is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Coleen Bonti is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant's principal place of business is located in Renton, Washington.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the debt").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

14. Plaintiff Zapata's debt was incurred with Paypal, Inc.

15. At all relevant times herein, Plaintiff Zapata's debt accrued, and was subject to, interest.

16. At all relevant times herein, Plaintiff Zapata's debt accrued, and was subject to, late fees.

17. Plaintiff Bonti's debt was incurred with T-Mobile, USA.

18. At all relevant times herein, Plaintiff Bonti's debt accrued, and was subject to, interest.

19. At all relevant times herein, Plaintiff Bonti's debt accrued, and was subject to, late fees.

20. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

21. In its efforts to collect the debt, Defendant contacted Plaintiff Zapata by letter

dated November 30, 2016. ("**Exhibit 1**.")

22. In its efforts to collect the debt, Defendant contacted Plaintiff Bonti by letter dated May 6, 2016. ("**Exhibit 1**.")

23. The letters were the initial communication to each Plaintiff received from Defendant.

24. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

27. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

28. The letters set forth both a "Principal" and a "Balance."

29. The letters fail to disclose whether the "Balance" may increase due to additional interest.

30. The letters fail to disclose whether the "Balance" may increase due to additional late fees.

31. The letters fail to indicate whether payment of the amount stated would satisfy the debt.

32. The letters fail to indicate whether payment of the amount stated by any date certain would satisfy the debt.

33. The letters fail to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

34. The letters, because of the aforementioned failures, and especially because of the use of both "Principal" and a "Balance," would render the least sophisticated consumer unable to determine the amount of his or her debt.

35. The letters, because of the aforementioned failures, and especially because of the use of both "Principal" and a "Balance," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

and fees would continue to accrue, or whether the amount of the debt was static.

36. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Balance" at any time after receipt of the letter.

37. The least sophisticated consumer could also reasonably believe that the "Balance" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

38. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

39. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

40. For these reasons, Defendant failed to clearly state the amount of the debt.

41. For these reasons, Defendant failed to unambiguously state the amount of the debt.

42. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

43. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

44. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

48. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

49. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

susceptible to an inaccurate reading by the least sophisticated consumer.

50. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

51. As previously alleged, the least sophisticated consumer could reasonably read the letters to mean that the "Balance" was static.

52. As previously alleged, the least sophisticated consumer could also reasonably read the letters to mean that the "Balance" was dynamic due to the continued accumulation of interest and/or late fees.

53. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

54. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

55. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

56. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Zapata pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Bonti pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

DATED: April 3, 2017

        **BARSHAY SANDERS, PLLC**

        By:   */s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiffs*
        Our File No.: 112854

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6